_[iGOTHARD, Judge.
Plaintiff, Richard Barnes, brings this appeal from a trial court judgment dismissing his claim for damages. The basis of the suit is an automobile accident which occurred on November 14, 1987 in which the vehicle driven by Mr. Barnes collided with a vehicle driven by defendant, Corporal Irwin Lav- *393 ergne. Because Corporal Lavergne was employed by the Orleans Parish Criminal Sheriffs Office and was driving a car so marked at the time of the accident, the Orleans Parish Sheriffs Office and the City of New Orleans were also made defendants in this action. After a bench trial on the merits, the court ruled in favor of the defendants and against the plaintiff, dismissing the matter. Reasons for judgment indicate that the trial court found the plaintiffs negligence to be the sole cause of the accident. The trial court further stated that the defendant “acted reasonably and was in no way at fault in the accident”.
I gTestimony at trial revealed that the accident occurred at the intersection of Ridge-lake Avenue and 49th Street in Metairie at four o’clock on a clear Saturday afternoon. Mr. Barnes was travelling north on Ridge-lake and Corporal Lavergne was travelling east on 49th. There is a stop sign facing 49th Street, but no traffic control facing Ridgelake. There was a barricade blocking the entire right (northbound) lane of Ridge-lake beginning about 50 feet beyond the intersection with 49th Street. Mr. Barnes testified that as he approached the intersection, he noticed the barricade blocking his appropriate lane of travel so he veered over slightly into the left or southbound lane of travel. As he did so, he saw Corporal Lavergne’s vehicle fail to stop at the stop sign at 49th Street. A collision followed and Mr. Barnes’ car came to rest on the lawn of a house further ahead on the left side of Ridgelake.
Corporal Lavergne testified that he was proceeding in an eastward direction on 49th Street. He stopped at the stop sign and looked both ways. He stated that he did not see any cars so he proceeded to turn right into the southbound lane of Ridgelake. As he did so he noticed the plaintiffs vehicle travelling toward him about 40 to 50 feet ahead at about 30 mph. The vehicle veered across the center line and entered the wrong lane. Corporal Lavergne testified that he stopped his vehicle but could not avoid being hit by Mr. Barnes’ ear.
Photographs introduced into evidence show that the damage sustained by Mr. Barnes’ vehicle was on the driver’s side, extending from the driver’s door and continuing down the entire left side of the vehicle. The damage to Corporal Lavergne’s car was on the left or driver’s front bumper and left turn signal.
Mr. Barnes admitted that he was at least partially in the opposing lane of traffic at the time of the accident, although he does not agree that he was substantially in that lane as testified to by Mr. Lavergne. Mr. Barnes further admitted that, while he was driving in the wrong lane in order to pass barricades ahead in his lane of travel, those barricades were | ^located about 50 feet beyond the intersection. When questioned by the trial court, Mr. Barnes acknowledged that he quite possibly could have waited until after he crossed the intersection to enter the southbound lane.
The trial court also heard testimony from Office Cornnsee Moore who investigated the accident. Officer Moore testified that both individuals involved in the accident reported to him that Mr. Barnes was at least slightly in the wrong lane when the accident happened. He further stated that he issued no citations because the versions of how the accident happened differed. He verified that the barricad s blocking Mr. Barnes’ path of travel were placed about 50 feet beyond the intersection. He testified that the posted speed limit on Ridgelake at that point is 20 mph.
In the reasons for judgment the trial court made the following cogent conclusions:
The Court found defendant (i.e.. Lav-ergne) a credible witness. The Court has considered the testimony concerning the location of the damage, together with the testimony of Officer Moore, who investigated the same, and finds that the defendant’s version of the accident is the most plausible and likely version of what occurred on the date in question.
Furthermore, on two occasions during the trial, plaintiff admitted that there was sufficient time to pass the intersection pri- or to moving into the opposing land of traffic. Therefore, the Court believes that there was no reason for plaintiff to cross over the center line at the intersection. Plaintiffs premature crossing into the op *394 posite lane, along with plaintiffs other acts negligence (sic) caused this accident. Plaintiff was obviously not keeping a proper look-out in light of the circumstances.
This Court is of the opinion that this is not a comparative fault situation and that plaintiffs negligence was the sole cause of this accident. The Court finds that defendant did, in fact, stop at the stop sign and used all precautions expected of him before he proceeded into the intersection. The Court finds that defendant reacted reasonably and was in no way at fault in the accident.
This court may not set aside a trial court’s finding of fact absent manifest error or unless it is clearly wrong. Resell v. ESCO, 549 So.2d 840 (La.1989). In Stobart v. State Through DOTD, |⅜617 So.2d 880, 882 (La.1993), the Supreme Court further explained that mandate by stating:
... the issue to be resolved by a reviewing court is not whether the trier of fact was right or wrong, but whether the factfin-der’s conclusion was a reasonable one. See generally, Cosse v. Allen-Bradley Co., 601 So.2d 1349, 1351 (La.1992); Housley v. Cerise, 579 So.2d 973 (La.1991); Sistler v. Liberty Mutual Ins. Co., 558 So.2d 1106, 1112 (La.1990). Even though an appellate court may feel its own evaluations and inferences are more reasonable than the factfinder’s, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review where conflict exists in the testimony. Rosell v. ESCO, 549 So.2d 840 (La.1989); Arcen-eaux v. Domingue, 365 So.2d 1330 (La. 1978).
In the present case the trial court was presented with two explanations of how the accident occurred. It is clear from the written reasons for judgment that the trial court found the defendant, Corporal Lav-ergne, a more credible witness. The court apparently found that the defendant met all of his obligations of awareness and that the sole cause of the accident was the plaintiffs decision to enter the left lane of traffic when it was unnecessary to do so. That is a reasonable conclusion, given the testimony and other evidence in the record, and we cannot find the manifest error in that conclusion necessary to reverse the findings of fault.
For the foregoing reasons the judgment of the trial court is affirmed.
AFFIRMED.